UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:13-CV-00046-GNS-HBB

DENISE JOHNSON, individually and as
   Administratrix of the Estate of Clifford
   Dewayne Johnson                                 PLAINTIFF

v.

BUTLER COUNTY, KENTUCKY, et al.                    DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Denise Johnson's Motion for Reconsideration (DN 43). The motion is ripe for adjudication. For the reasons stated below, the Court **DENIES** Plaintiff's motion.

### I.      SUMMARY OF FACTS AND CLAIMS

Plaintiff Denise Johnson ("Johnson") is the widow of Clifford Dewayne Johnson ("Dewayne"). (Johnson Dep. 7:22-24, Mar. 6, 2014, DN 28). Near the end of his life, Dewayne was a severe alcoholic. (Johnson Dep. 39:19-47:2, 55:1-10). On December 6, 2012, the Kentucky State Police cited and arrested Dewayne for alcohol intoxication in a public place and third-degree criminal trespassing, and he was taken to the Butler County Jail the same evening while still intoxicated. (Uniform Citation, DN 24-4; Terry Fugate Dep. 14:13-20, Apr. 30, 2015, DN 29; *see* Terry Fugate Dep. Ex. 9, DN 29-1).

Shortly after midnight on December 8, Butler County Emergency Medical Service ("EMS") personnel responded to a call from the jail related to a report that Dewayne was having

trouble breathing.[1] (Terry Fugate Dep. 23:10-24:03, 29:12-17). EMS personnel concluded that he was having "anxiety problems." (Terry Fugate Dep. 23:25-24:03). EMS was called a second time at approximately 2:30 a.m.; the results were much the same. (Terry Fugate Dep. 29:17-22). EMS was called a third time on December 8 at approximately 3:30 p.m. because Dewayne had fallen off of a bench and hit his head; EMS personnel again determined that his vital signs were within appropriate ranges. (Terry Fugate Dep. 28:20-29:14).

When EMS was called for the fourth and final time at 7:43 p.m. on December 8, Dewayne was unresponsive. (Trip Report, Butler County EMS 5, DN 24-14 [hereinafter Final EMS Report]). Once loaded into an ambulance, EMS personnel cleared Dewayne's throat of vomit and intubated him, but he was pronounced dead at a hospital in Bowling Green. (Final EMS Report 5-6; K. Fugate Dep. 20:22-21:05, Apr. 30, 2015, DN 30).

On April 17, 2013, Johnson filed this suit individually and as administratrix of Dewayne's estate against Butler County and sued the following persons in their individual capacities:  Jailer Terry Fugate, Chief Deputy Jailer Rocky Tyree, RN Kelli Fugate and RN Tessa Fugate. (Compl, DN 1). Johnson alleged that Defendants: (1) violated Dewayne's Eighth and Fourteenth Amendment rights; (2) were negligent and grossly negligent; (3) acted "so beyond the bounds of human decency that it exemplifies the tort of outrage"; (4) violated KRS 411.130 (which addresses wrongful death); and (5) violated 501 KAR 3:090. (Compl. 6-7). She also brought a loss of consortium claim. (Compl. 7).

On January 20, 2016, the Court granted Defendants' Motion for Summary Judgment and entered judgment in their favor. (Mem. Op. & Order, DN 41; J., DN 42). Johnson now requests that the Court reconsider its January 20, 2016 Memorandum Opinion and Order and Judgment.

---

[1] The EMS station is located across the street from the Butler County Jail.

## II.    JURISDICTION

Johnson alleges claims arising under 42 U.S.C. § 1983. This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Court has jurisdiction over Johnson's state-law claims as well, as the Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

## III.    STANDARD OF REVIEW

Motions for reconsideration are analogous to a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). *Cobb v. City of Detroit Common Council*, 897 F.2d 529, 1990 WL 25055, at *1 (6th Cir. 1990) (unpublished table decision) (citations omitted). "[A] court may alter the judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (internal quotation marks omitted) (citation omitted).

## IV.    DISCUSSION

In her motion for reconsideration, Johnson cites four reasons why the Court should reconsider its ruling granting summary judgment to Defendants, most of which fall under the umbrella assertion that the Court "usurped the jury's role of choosing among competing inferences." (Pl.'s Mot. for Recons. 3, DN 43). Johnson argues: (1) that the fact that the jail personnel called for EMS four times could lead to the inference that "the decedent's medical issues were above the skill set of both the jail staff and the EMTs were responding"; (2) that because some of the "run reports" from the EMT trips have not been produced, a favorable

3

inference should be given to Johnson on the basis of spoliation or nonproduction of evidence; (3) that a jury could conclude that Defendants denied Dewayne medical treatment due to "financial or monetary constraints"; and (4) that a jury could conclude that Defendants, rather than the EMTS decided not to send Dewayne to the hospital. (Pl.'s Mot. for Recons. 4-5).

Johnson does not allege that the Court made a clear error of law, that she has newly discovered evidence, or that there has been an intervening change in controlling law. The standard for manifest justice under which Johnson apparently proceeds is a "high hurdle." *Westerfield v. United States*, 366 F. App'x 614, 620 (6th Cir. 2010). "Manifest injustice has been defined as [a]n error in the trial court that is direct, obvious, and observable." *United States v. Canal Barge Co., Inc.*, No. 4:07CR-12-JHM, 2009 WL 541267, at *2 (W.D. Ky. Mar. 4, 2009) (alteration in original) (internal quotations marks omitted) (citations omitted). "[A] showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *McDaniel v. Am. Gen. Fin. Servs., Inc.*, No. 04-2667 B, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007)).

Johnson's first argument is a new one, and therefore not appropriate in a motion for reconsideration. *Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014) ("It is well-settled that parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." (internal quotation marks omitted) (citation omitted)). Johnson's other arguments do nothing more than rehash the same points addressed in the Court's January 20, 2016, Memorandum Opinion and Order. Johnson has not shown a fundamental flaw in this Court's decision; she has simply argued that the Court did not appropriately follow the summary judgment standard, and her argument is not persuasive.

4

The Court viewed the evidence in the light most favorable to Johnson, but even in that light she did not carry her burden to "cit[e] to particular parts of the materials in the record" or "[show] that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). Accordingly, the Court properly granted Defendants' motion for summary judgment.

## V.    **CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (DN 43) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
April 4, 2016

cc:    counsel of record

5